Original

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name  <u>I P T U M</u>      <u>I R V I N</u>      <u>T</u>
      (Last)        (First)        (Initial)

3  Prisoner Number  # E 20208

4  Institutional Address  <u>Pelican Bay State Prison</u>

5  <u>P o Box 7500, Crescent City, Calif. 95531</u>      **(PR)**

6  ============================================
   UNITED STATES DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA        **WHA**

8  <u>Irvin Terrell Intum</u>                    **CV  08      3680**
   (Enter the full name of plaintiff in this action.)

9
                                    )
   vs.                              )  Case No. _____
10                                   )  (To be provided by the clerk of court)
   <u>Robert Horel</u>                    )
11 <u>(Warden)</u>                        )  **PETITION FOR A WRIT**
                                    )  **OF HABEAS CORPUS**
12   <u>     / i     </u>               )
                                    )
13   <u>     i,      </u>               )
                                    )
14 (Enter the full name of respondent(s) or jailor in this action)  )
                                    )
15 ============================================

16                 Read Comments Carefully Before Filling In

17 When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located.  If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                County Superior Court, Oakland):

14                N|A              N|A

15                Court              Location

16          (b)    Case number, if known _____ N|A

17          (c)    Date and terms of sentence _____ N|A

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                parole or probation, etc.)      Yes N|A   No N|A

20                Where?

21                Name of Institution: Pelican Bay State Prison

22                Address: P. Box 7500 Crescent City, CA 95531

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26          N|A

27

28

3. Did you have any of the following?

Arraignment:                          Yes N|A        No _____

Preliminary Hearing:                  Yes N|A        No _____

Motion to Suppress:                   Yes N|A        No _____

4. How did you plead?

Guilty _____    Not Guilty    Nolo Contendere _____

Any other plea (specify) _____ N|A

5. If you went to trial, what kind of trial did you have?

Jury N|A    Judge alone N|A    Judge alone on a transcript N|A

6. Did you testify at your trial?              Yes N|A     No N|A

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                     Yes N|A     No N|A

(b)    Preliminary hearing             Yes N|A     No N|A

(c)    Time of plea                    Yes N|A     No N|A

(d)    Trial                           Yes N|A     No N|A

(e)    Sentencing                      Yes N|A     No N|A

(f)    Appeal                          Yes N|A     No N|A

(g)    Other post-conviction proceeding   Yes N|A     No N|A

8. Did you appeal your conviction?             Yes N|A     No N|A

(a)    If you did, to what court(s) did you appeal?

Court of Appeal                Yes N|A     No N|A

Year: N|A      Result: N|A

Supreme Court of California    Yes N|A     No N|A

Year: N|A      Result: N|A

Any other court                Yes N|A     No N|A

Year: N|A      Result: N|A

(b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

1   petition?                                    Yes N|A      No N|A
2       (c)    Was there an opinion?            Yes N|A      No N|A
3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?
4                                                Yes N|A      No N|A
5              If you did, give the name of the court and the result:
6                                      N|A
7       _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to
9   this conviction in any court, state or federal?              Yes N|A      No N|A

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that
11  challenged the same conviction you are challenging now and if that petition was denied or dismissed
12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit
13  for an order authorizing the district court to consider this petition. You may not file a second or
14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28
15  U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following
17              questions for each proceeding. Attach extra paper if you need more space.
18              I.     Name of Court: _____ N|A _____
19                     Type of Proceeding: _____ N|A _____
20                     Grounds raised (Be brief but specific):
21                     a. _____ N|A _____
22                     b. _____ N|A _____
23                     c. _____ N|A _____
24                     d. _____ N|A _____
25                     Result: _____ N|A _____ Date of Result: N|A
26              II.    Name of Court: _____ N|A _____
27                     Type of Proceeding: _____ N|A _____
28                     Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1                a._____ N|A _____

2                b._____ N|A _____

3                c._____ N|A _____

4                d._____ N|A _____

5                Result: _____ N|A _____Date of Result: N|A

6         III   Name of Court: \_\_\_\_N|A_____

7                Type of Proceeding: _____ N|A _____

8                Grounds raised (Be brief but specific):

9                a._____ N|A _____

10              b._____ N|A _____

11              c._____ N|A _____

12              d._____ N|A _____

13              Result: _____ N|A _____Date of Result: N|A

14        IV.   Name of Court: \_\_\_\_N|A_____

15                Type of Proceeding: _____ N|A _____

16                Grounds raised (Be brief but specific):

17                a._____ N|A _____

18              b._____ N|A _____

19              c._____ N|A _____

20              d._____ N|A _____

21              Result: _____ N|A _____Date of Result: N|A

22    (b)     Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                      Yes N|A   No N|A

24                Name and location of court: _____ N|A _____

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: _(See  Statement  of  Facts  in_

6  _Attached  Petition)_

7  Supporting Facts:_____

8

9

10

11  Claim Two:_____

12

13  Supporting Facts:_____

14

15

16

17  Claim Three:_____

18

19  Supporting Facts:_____

20

21

22

23       If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _All  claims  have  been  exhausted  in  All  lower_

26  _state  courts._

27

28

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____ See Attached Petition) _____

5    _____

6

7    Do you have an attorney for this petition?                              Yes_____    No_X_

8    If you do, give the name and address of your attorney:

9    _____ N/A _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _July 20, 2008_

14                Date                                          Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

     PET. FOR WRIT OF HAB. CORPUS        - 7 -

Irvin Tatum
#E20208
Pelican Bay State Prison
PO Box 7500
Crescent City, CA  95531

Petitioner in Pro-se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Irvin Tatum
     Petitioner,

vs.

Robert Horel
Respondent.

No.: _____

## PETITION FOR A WRIT
## OF HABEAS CORPUS

### I.
### Introduction

1.     Petitioner, Irvin Tatum, a state prisoner representing himself in pro se hereby submit this

petition for a writ of habeas corpus to challenge a violation of his constitutional rights to Due

Process, guaranteed under the Fourteenth Amendment under the United States Constitution when

prison officials at Pelican Bay State Prison unlawfully charged and found Petitioner guilty at a

prison disciplinary hearing, for an offense that he did not commit and ordered to be placed in

solitary confinement for 26 months.    This petition is not submitted to contest his prison

conviction or sentence imposed by a state court.

1

## II.
## Jurisdiction

2.   This court has jurisdiction over the claims raised herein pursuant to 28 U.S.C. section 2254.

## III.
## Parties

3.   Petitioner, Irvin Tatum is a state prisoner housed at Pelican Bay State Prison at all times mentioned herein, based on a criminal conviction in a state court.

4.   Respondent, Robert Horel is the correctional warden at Pelican Bay State Prison at all times mentioned herein and the custodian of Petitioner.

## IV.
## Statement of Facts

5.   On March 1, 2007, Petitioner had a "fist-fight" with his cellmate, E. Johnson, CDC #T-43903, and no weapons were involved.

6.   Petitioner was defending himself from being sexually assaulted, which is why the fight occurred.  And during the incident Petitioner began flashing the cells lights on and off in the attempt to get staff's attention for help, which correctional officer, N. Cope seen and activated his personal alarm, (See N. Copes report as Exhibit-A).

7.   Petitioner and inmate Johnson were separated and Petitioner was placed in Administrative Segregation (Ad-Seg.) and inmate Johnson was taken to the medical clinic.

8.   Petitioner was later falsely accused and charged with "Attempted Murder" by correctional lieutenant, C. A. Uptergrove, who did not witness the incident, but came to the scene after the fact (See C. A. Uptergroves' report as Exhibit-B).

2

9.      In C. A. Uptergroves written report she clearly wrote, "Based on my experience, training and injuries, it is obvious that Tatum (Petitioner) battered inmate Johnson..." Her report clearly contradicts the allegations of "Attempted Murder."

10.     On August 30, 2007, Petitioner went to his prison disciplinary hearing for the false charges of "Attempted Murder." Said hearing was overseen by Correctional Lieutenant D. James, who found Petitioner guilty for the charge of "Attempted Murder" despite the fact that there was not evidence to support such a charge (See D. James report as Exhibit-C).

11.     Petitioner was denied a fair and impartial disciplinary hearing because he was deprived of evidence that was used against him. Said evidence was the letters that prison officials contend that Petitioner wrote to his family, concerning the incident.

12.     Petitioner requested to be provided with copies of all evidence that prison officials intended to use against him at his prison disciplinary hearing and he was denied the right to be provided with copies of all documents and reports related to the incident, in violation of section 3320 of the California Code of Regulation, Title 15 and the Fourteenth Amendment to the U.S. Constitution.

13.     No prison disciplinary hearing shall be held until Petitioner was provided with all non-confidential documents and reports to be relied upon at his hearing, pursuant to section 3320. The only documents and reports Petitioner was provided with before his hearing was held was the "Crime-Incident Report" attached hereto as Exhibit-D. Prison officials made references to letters that they contended Petitioner wrote, but did not provide said letters to him before his hearing was held.

14.     There was insufficient evidence to support finding Petitioner guilty of "Attempted Murder." The reporting officer clearly documented in her report that Petitioner allegedly

3

"battered" inmate Johnson, not "Attempted Murder" (See Exhibit-B). Correctional Officer, N. Cope wrote in his report that Petitioner was flashing his cell lights and yelling, which was clear evidence that Petitioner was seeking for staff's help, which clearly contradicts D. James' report of what Petitioners intentions were in respects to his altercation with inmate Johnson.

15.    Based on Petitioner being falsely charged with and found guilty of the unsupported allegations of "Attempted Murder", he was ordered to serve a 26 month term in solitary confinement, where he is currently being housed and prison officials have threatened to keep Petitioner housed in solitary confinement "indefinitely" after he completes his 26 month term.

16.    Petitioner is being unlawfully restrained and confined in solitary confinement based on false allegations and being denied a fair disciplinary hearing.

17.    Petitioner has raised and exhausted the issues herein in the Superior Court of Del Norte County, Case #HCPB08-5043; the California Court of Appeals, First Appellate District, Division Four, Case #A121232; and the California Supreme Court, Case #S163584 and was denied relief in said courts (See Court Orders as Exhibit-E).

### Argument

A.    Prison Officials Withheld Critical Evidence From Petitioner, Thus Denying Him A Fair Disciplinary Hearing.

Petitioner was not provided with copies of the letters that prison officials contended that he wrote and were used as evidence against him to support their findings of fact.

According to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Respondent had a legal duty to provide Petitioner with all non-confidential documents, reports, and evidence to be used against Petitioner or relied upon to base a finding of guilt at his disciplinary hearing. The Respondents failed to do so, thus depriving Petitioner the

4

right to contest any allegations in said letters or be used as exculpatory evidence or in mitigation of the charge offense.

Pursuant to Section 3320(c)(1) of the CCR Title 15, it clearly states: "A disciplinary hearing shall not be held until the inmate has been provided a copy of the CDC Form 115 and all non-confidential reports to be relied upon in the hearing.

## Argument

B.  Petitioner Was Denied A Fair Hearing Based On Insufficient Evidence To Support The Charges Of "Attempted Murder."

Pursuant to the "Due Process Clause" of the Fourteenth Amendment to the United States Constitution, Petitioner has a right to be afforded a fair and impartial disciplinary hearing and the charges and findings of fact must be supported by a preponderance of evidence, based on the "Same Evidence" standard.

The preponderance of evidence to support a charge of "Battery" clearly out-weighed a false charge of "Attempted Murder" which is evidence in the report wrote by C. A. Uptergrove (Exhibit-B) and based on the medical report of inmate Johnson's attached hereto as Exhibit-F and the witness report of Correctional Officer N. Cope (Exhibit-A).

The Respondent's submitted all evidence in this case to the Del Norte County District Attorney's Office in the attempt to have Petitioner charged with the allegations of "Attempted Murder." And on September 6, 2007, the district attorney disregarded the "Attempted Murder" allegations and chose to charge Petitioner with "Battery With Seriously Bodily Injury" and on March 3, 2008 said charges were dismissed (See copy of Memorandums as Exhibit-G).

The Del Norte County, District Attorney's Officer came to the conclusion that there was no evidence to support the charge of "Attempted Murder" or "Battery" based on the facts of the incident, which is why they dismissed Petitioners case.

5

## **Conclusion**

Because Petitioner is classified as a "Jail-house Lawyer" by prison officials and has filed numerous complaints against prison policies and staff, as soon as an opportunity arose that involved Petitioner, prison officials used the opportunity to abuse their power, discretion and authority to retaliate against Petitioner by charging Petitioner with an offense that is not supported by the facts of the incident. It is highly improbable and unusual for an inmate to be charged and found guilty for "Attempted Murder" based on a "fist-fight" with no weapons involved.

### **V.**
### **Prayer For Relief**

Petitioner declares under the penalty of perjury under the laws of the United States that the "Statement of Facts" incorporated herein is true and correct and Petitioner prays for the following relief:

a)    Grant Petitioners writ;

b)    Order the Respondent's to reduce Petitioner's charges of Attempted Murder;

c)    Order the Respondent's to expunge all allegations of Attempted Murder from Petitioner's prison file;

d)    Order the Respondent's to release Petitioner from solitary confinement and transferred to an alternative prison;

e)    Grant any other relief this Honorable Court deems appropriate.

July 20, 2008
Date

Irvin Tatum, #E20208

6

# EXHIBIT  A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
| PBP-B07-07-03-0091 |

| NAME: LAST | FIRST | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|
| COPE | NEIL | | G | 03/01/07 | 2205 |

| POST# | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 171574 | B7 CONTROL | 3 Years  8 Months | 3-1-07 | B7 CELL 227 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|---|
| S/S | 2200/0600 | BATTERY ON AN INMATE WITH/ SBI | | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) SGT. J. FRICK | (S) TATUM E-20208 B7 227U |
| ☐ RESPONDER | (S) C/O J. QUACKENBUSH | JOHNSON T-43503 B7 227L |
| ☐ WITNESS | (S) C/O J. HOVEN | |
| ☐ VICTIM | (S) C/O D. AVAM | |
| ☐ CAMERA | (S) C/O K. WOODWARD | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|
| ☐ WEAPON | NO: | NO:  TYPE: | | TYPE: |
| ☐ PHYSICAL | | | | |
| ☐ CHEMICAL | ☐ MINI-14 _____ | ☐ 37 MM _____ _____ | ☐ OC | _____ |
| ☒ NONE | ☐ 9 MM _____ | ☐ 40 MM _____ _____ | ☐ CN | _____ |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL _____ | ☐ L8 _____ _____ | ☐ CS | _____ |
| ☐ WEAPON | ☐ SHOTGUN _____ | ☐ 40 MULTI _____ _____ | ☐ OTHER: _____ | |
| ☐ PHYSICAL | | ☐ HFWRS | ☒ N/A | |
| ☐ CHEMICAL | ☒ N/A | ☐ BAT | | |
| ☒ NONE | | | | |

PELICAN BAY S.S.U.

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: _____ | |

**NARRATIVE:**

On 3-1-07 at approximately 2205 hours, while
I was assigned as B7 control booth officer, I
heard yelling in C section. I looked over to see
inmate Tatum, E-20208, cell 227u flashing the cel
lights. It looked like he was yelling at someone on
the floor but I could not see because of a sheet
that covered the bottom half of the cell door. I
notified officer J. Quackenbush that he needed to
go up to cell 227 and see what was going on.
Officer Quackenbush went up to the cell door and
ordered Tatum to move to the back of the cell.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| N. Cope | C/O | 67251 | 3/1/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| J FRISK | 3/1/07 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

| | | INCIDENT LOG NUMBER |
|---|---|---|
| PAGE 2 OF 2 | | PBP-B07-07-03-009 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| COPE | NEIL | G |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT  ☐ CLARIFICATION OF REPORT  ☐ ADDITIONAL INFORMATION

NARRATIVE:

Tatum complied to the order and Quackenbush motioned for me to activate the unit alarm. cl activated the unit alarm and opened the front door. Sergeant J. Frisk then entered the building and went up to the cell front. Inmate Johnson T-48903 227 then stood up and J. Quackenbush put handcuffs on Johnson through the cuffport. J. Frisk then gave me the ok to open the cell door. cl opened the door, Johnson stepped out, and cl shut the door. Officer J. Hoven went upstairs and helped J. Quackenbush escort Johnson out of the building. SGT. J. Frisk then put handcuffs on Tatum. cl opened the door and officers D. Quam and K. Underwood escorted Tatum out of the building. This ends my involvment in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| N. Cope | c/o | 67251 | | 3/1/07 |
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| J Frisk | 3/1/07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

# EXHIBIT  B

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

MEPD

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-20208 | TATUM | | 10-29-2016 | PBSP | B7-227U | B07-03-0003 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | ATTEMPTED MURDER | B7-227 | 3-1-07 | 2205 HRS. |

CIRCUMSTANCES

On 3-1-2007, at approximately 2205 hrs., I responded to a personal alarm in B7-C-Section. When I arrived I observed staff escorting inmate JOHNSON (T-43903, B7-227L), from the upper tier. I observed cuts and lacerations on both the left and right sides of JOHNSON's head, bruised and swollen areas to both left and right sides of each eye, specifically, active bleeding to the left eye and cheek and lip areas. The upper portion of JOHNSON's T-shirt was splattered with blood. JOHNSON was escorted to the Facility B-Medical Clinic, and was medically evaluated. JOHNSON was escorted to the Correctional Treatment Center where he was transported to Sutter Coast Hospital for further medical evaluation and treatment.

Review of the CDCR-837-C Reports of involved staff, reflect that Facility B7/8-Rover, Officer J. Quackenbush stated that he heard a banging noise coming from what sounded like C-Section. When he arrived at the cell front of B7-227, inmate TATUM (E-20208, B7-227U), was standing at the cell door facing the toilet. Inmate JOHNSON (T-43903, B7-227L), was kneeling on the ground

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT I/W | RDO'S |
|---|---|---|---|
| C.A. UPTERGROVE, LT. *C. A. Uptergrove, Lt.* | 03-08-07 | B-LIEUTENANT | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| Sgt. | 3/8/07 | DATE 3-2-07 | LOC. | A1 203L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A-1 | 3/8/07 | S. REPPOND LT | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| RVR B07-07-03-0091 | BY: (Staff's Signature) *Keeple* | DATE 3/13/07 | TIME 1800 | TITLE OF SUPPLEMENT 7219's X 2 handwritten letters (RN) | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (Staff's Signature) *Keeple* | DATE 3/3/07 | TIME 1800 | BY: (Staff's Signature) *Keeple* | DATE 3/13/07 TIME 1800 |

HEARING        given 115 + pkg.

Reviewed 12 photocopied pages on 6-1-07 at 2000 hours.
                          c/o S. Burris *S Burris*

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) LT. D. JAMES | SIGNATURE *T D James* | DATE 8/30/07 | TIME 755 |
| REVIEWED BY: (SIGNATURE) M. FOSS CAPTAIN | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK AWGP | DATE 9/4/07 DATE 9-11-07 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (Staff's Signature) | DATE 9/13/07 | TIME 3px |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-20208 | TATUM | B07-03-0003 | PBSP | 03-1-07 |

| SUPPLEMENTAL | [X] CONTINUATION OF: | [X] 115 CIRCUMSTANCES | HEARING | IE REPORT | OTHER |

facing the toilet. TATUM was ordered to the back of the cell. Mechanical restraints (handcuffs) were applied to JOHNSON and he was escorted to the Facility B Clinic. After handcuffs were applied, TATUM was escorted to the Facility B Hobby Shop and placed in Holding Cell #2. TATUM became verbally hostile and uncooperative, refusing to coverse with Medical Technical Assistant L. Folsom for medical evaluation. There were no signs of blood on TATUM's body or his clothing. A visual medical evaluation was conducted reflecting no signs or symptoms of injury. TATUM was uncooperative and also refused to exit the holding cell fof identification and evidentiary photographs.

Officer Quackenbush processed JOHNSON's bloody T-shirt as evidence and placed it in Evidence Locker #14, located in the Central Services Watch Office. JOHNSON was treated at the Sutter Coast Hospital and rehoused during Second Watch. TATUM was rehoused in Facility B Unit 8 on First Watch and placed in Administrative Segregation A1-203L, during Second Watch.

Based on my experience, training and the injuries, it is obvious that inmate TATUM battered inmate JOHNSON. Refer to Incident Log #PBP-B07-03-0091, and (4) outgoing letters.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

C.A. UPTERGROVE, CORRECTIONAL LIEUTENANT

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [✓] COPY OF CDC 115-C GIVEN TO INMATE | | 3-12-07 | |

CDC 115-C (5/95)

OSP 99 25082

# EXHIBIT  C

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE    1    OF    2

| CDC NUMBER E-20208 | INMATE'S NAME TATUM | LOG NUMBER B07-03-0003 | INSTITUTION PBSP | TODAY'S DATE 8/30/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: The hearing was convened on Thursday, August 30, 2007, at approximately 1755 hours, when I introduced myself to TATUM as the Senior Hearing Officer for this disciplinary. TATUM stated he was in good health with normal hearing and vision. TATUM acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of ATTEMPTED MURDER were reviewed with TATUM in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney**: On 03/13/2007, TATUM requested postponement of his hearing pending resolution of possible criminal prosecution. On 07/13/2007, TATUM revoked his request for postponement. TATUM was reminded in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. TATUM stated that he understood, confirmed that he had revoked his postponement request and that he wanted to continue the hearing.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15-days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

**Staff Assistant**: Per the CDC 115-A, TATUM has requested assignment of a Staff Assistant. In the hearing, TATUM stated that he had requested assignment of a Staff Assistant for the following reason: *To find out all the past disciplinary history of inmate JOHNSON.* Staff Assistant will not be assigned as the SHO is satisfied that TATUM speaks sufficient English, is literate enough to understand the disciplinary reports, the issues are not complex and a confidential relationship is not required.

**Investigative Employee**: Investigative Employee was assigned. IE was reviewed in hearing. TATUM acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, TATUM stated that he is not satisfied with the completed report as most all of his questions were judged to be irrelevant to the charge..

**Request for Witnesses**: TATUM waived all witnesses and the SHO requested none.

**Video and photo evidence**: Copies of photographs were used as evidence in this disciplinary hearing. Per the CDC 128B of 06/01/2007, TATUM was allowed to examine these photographs more than 24 hours prior to the hearing. The photos were also available in the hearing. These photos will be filed in the confidential evidence folder in this inmate's Central file where these photos will remain for reference and future use as evidence. On 03/13/2007, TATUM was allowed to view four hand written letters that were used as evidence in this hearing.

**Plea**: Not Guilty.

**Hearing testimony**: TATUM gave the following testimony as his defense: "This guy had threatened me on at least four occasions. He wanted me to fight with him. Because he was bigger, he thought he could punk me. I just tried to keep the peace. I found out later that he had been in several cell fights. I had never been in a cell fight in 19 years being down.

**Finding**: Guilty of the Div. A-1 (1) offense ATTEMPTED MURDER. *Murder* is the deliberate killing of another person with either malice aforethought or reckless indifference. The intent to commit murder rather than battery can be judged by

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| D. JAMES | | Correctional Lieutenant | | 8/30/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 9-13-07 | TIME SIGNED: 1300 | |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE    2    OF    2

| CDC NUMBER E-20208 | INMATE'S NAME TATUM | LOG NUMBER B07-03-0003 | INSTITUTION PBSP | TODAY'S DATE 8/30/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐ OTHER |
|---|---|---|---|---|---|

expressed intent of the inmate or the nature of the attack and the weapon used. If any reasonable person would assume death as the most likely outcome from the nature of the attack or the weapon used, this offense qualifies as *Attempted murder*. *Attempted* means the offense was begun but not completed because of circumstances beyond the control of the inmate. Attempted must also include present ability. *Present ability* means the attempt could have succeeded. This finding is based upon the following preponderance of evidence:

A.  Lt. Uptergrove testifies that upon responding to an alarm in B7, C Section, she observed inmate JOHNSON being escorted from the upper tier. JOHNSON had cuts and lacerations on both the left and right side of his head, bruised and swollen areas to both eyes, active bleeding from the left eye, cheek and lip areas.
B.  The testimony of Correctional Officer J. Quackenbush in the incident report of 03/01/2007, wherein Officer Quackenbush testifies that responding to a banging noise coming from C Section, he heard loud voices and observed a light on and TATUM standing at the front of cell B7-227. TATUM was facing the toilet with his right hand on JOHNSON'S shoulder. JOHNSON was kneeling on the ground facing the toilet. JOHNSON appeared to have multiple injuries to the left side of his face.
C.  In TATUM'S letter to "Tresie" TATUM states;" I calmly took my square ass glasses off and knocked that niga "out cold" and when the niga was out, I went to work on his face with my hands and feet until his face was hella bloody." Further on TATUM states "When I was on that niga I started choking him becauz I thought about killin him."
D.  In TATUM'S letter to Shaun, TATUM stated " I just snapped and started knocking that niga up side his head until he was knocked out and then I started stompen his face and head into the floor until the police came and scrapped his ass off the floor."
E.  By his own writing, it is reasonable to believe that TATUM did not stop his attack on JOHNSON until he heard the section door open. The use of ones feet to "stomp" on the head and face of an unconscious victim is considered to be using deadly force. It is also reasonable to believe that had the officers not responded as quickly as they did, JOHNSON might well be dead at this time.

**Disposition**: No forfeiture was assessed as time constraints were exceeded. Referred to classification for SHU evaluation. Appeal rights were explained. TATUM was referred to CCR §3084.1 for additional information on appeal procedures.

| SIGNATURE OF WRITER D. JAMES | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 8/30/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 9/13-07 | TIME SIGNED: 1300 |

# EXHIBIT  D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A – COVER SHEET
CDCR 837–A (Rev. 07/05)

**AMENDED ON 03-07-2007**

PAGE 1 OF ___6___

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| PBP-B07-07-03-0091 | March 01, 2007 | 2205 Hours |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | SEG YARD | USE OF FORCE |
|---|---|---|---|---|---|---|---|
| PBSP | Facility B | ☐ I  ☐ II  ☐ III  ☒ IV | Facility B, Unit 7 | Cell 227 | ☐ ASU ☐ SHU ☐ PSU  ☐ SNY ☐ PHU ☐ CTC  ☒ GP ☐ RC | ☐ CC ☐ W/A  ☐ RM | ☐ YES  ☒ NO |

| SPECIFIC CRIME / INCIDENT | ☒ CCR ☐ PC ☐ N/A |
|---|---|
| Attempted Murder | NUMBER/SUBSECTION:   3005(c) |

| D.A REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUESTED | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☒ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☒ INMATE | ☐ CHEMICAL SUBSTANCE  TYPE: | | **WEAPON:** | **WARNING#** | **EFFECT#** | **BATON ROUND** |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | TYPE:    /    NO: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER: | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| ☐ N/A | ☐ KNIFE | | **LAUNCHER:** | | | **STINGER:** |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| **ESCAPES** | ☐ SPEAR | | ☐ 40 MM | | | **EXACTIMPACT** |
| | ☐ SLASHING INSTRUMENT: (TYPE) | | ☐ 40 MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: | | **FORCE:** | | | **CHEMICAL:** |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID: | | ☐ EXPANDABLE BATON | | | ☐ OC |
| | ☐ UNKNOWN LIQUID | | ☐ PHYSICAL FORCE | | | ☐ CN |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS |
| | | | ☐ OTHER: | | | ☒ N/A |

*(PELICAN BAY A.S.U. stamp overlaid)*

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | ___ ___ | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | ___ ___ | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | ___ ___ | | ☐ INMATE STRIKE | **EXTRACTION:** |
| ☐ HEROIN | ___ ___ | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | ___ ___ | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | ___ ___ | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | ___ ___ | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: _____ | ___ ___ | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Wednesday, March 07, 2007, at approximately 2200 hours, the Date of Discovery, the original incident titled as 'Battery on an Inmate with Serious Injury", was amended to "Attempted Murder".

Specifically, on Wednesday, March 07, 2007, date of discovery, outgoing mail addressed to, Tresie McNell, Angelique Evans, Shaun Terell Tatum and S. James was intercepted by Third Watch, ASU Search and Escort Officer, R. Hood.

| ☒-CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | REVIEWED BY: C. E. Ducart, Central Services Captain | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE)  C. A. Uptergrove | TITLE  Lieutenant | ID #  N/A | BADGE #  49107 |
| SIGNATURE OF REPORTING STAFF  *(signature)* | | PHONE EXT. (INCIDENT SITE)  X5555 | DATE  March 07, 2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN)  ROBERT HOREL | | TITLE  Warden | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**

**AMENDED ON 03-07-2007**

**PART A1 – SUPPLEMENT**
CDCR 837– A1 (07/05)

| | PAGE | 3 | OF | 6 | INCIDENT LOG NUMBER PBP-B07-07-03-0091 |
|---|---|---|---|---|---|

| INSTITUTION P.B.S.P. | FACILITY Facility "B" | INCIDENT DATE March 01,2007 | INCIDENT TIME 2205 Hours |
|---|---|---|---|

TYPE OF INFORMATION

☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

**NARRATIVE:**

In these letters, Inmate TATUM, E-20208, B7-227U, describes his attack on Inmate JOHNSON, T-43903, B7-227L and states his thought of killing him. The letters state that TATUM started knocking JOHNSON on the side of his head until he was knocked out. In the letter addressed to Tresie McNeil, page #2, TATUM states, "I calmly took my square ass glasses off and knock that niga "out cold'. And when the niga was out, I went to work on his face with my hands and feet until his face was hella bloody.

In the letter addressed to Shaun Terell Tatum, TATUM states, "I know he was indirectly talking about me and he must have thought I wasn't pickin up on his indirect bullshit, so I just snapped and started stomping his face and head into the floor until the police came. TATUM also states, "When I was on that niga I started choking him becuz I thought about killin him. That's how angry and "possessed" I felt. But a lil quiet voice in my head said let him go and I did. And he was beggin for his life sayin, "Don't kill me cuz, don't kill me cuz." In the original CDCR 837-A, TATUM refused medical evaluation. In this letter TATUM also states, "I broke my finger on that niga face and my other hand is still kinda swollen, but I can write with it a lit bit."

Correctional Officer, R. Hood will be added to the CDCR 837-B Report.

**SUSPECT:** TATUM, (E-20208), (B7-227U).

**VICTIM:** JOHNSON, (T-43903), (B7-227L).

**CRIME SCENE/EVIDENCE:** Security Squad Officer D. Beard conducted a visual survey of cell 227, and secured the cell with a Security Squad Crime Scene Lock. Officer Beard photographed Inmate JOHNSON, T-43903, for identification and evidentiary purposes. Officer Beard additionally attempted to photograph Inmate TATUM, E-20208, for identification and evidentiary photographs. TATUM was uncooperative and refused to exit the holding cell. Due to TATUM'S potentially assaultive behavior, no photographs were taken.

JOHNSON'S blood stained t-shirt was controlled and processed as evidence by Correctional Officer J. Quackenbush and placed in the temporary evidence locker #14, located in the Central Services Watch Office.

The four (4) original letters was secured in an Evidence Bag and placed in Evidence Locker #15, located in the Central Services, Watch Office.

This additional information was discovered on Tuesday, March 06, 2007 and Wednesday, March 07, 2007. These letters were submitted to the First Watch, Watch Commander on Wednesday, March 07, 2007, upon her return from Regular Days Off (Tuesday/Wednesday) at 2200 hours. This CDCR 837-A Report was amended on First Watch, March 07, 2007, the date of discovery. Correctional Officer, R. Hood submitted a CDC 837-C Report on Thursday, March 08, 2007.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmates TATUM, (E-20208) and JOHNSON, (T-43903) are not participants in the Mental Health Delivery System, at the time of this incident.

**MEDICAL REPORTS/INJURIES TO INMATES:** Due to TATUM'S hostile and uncooperative conduct, Medical Technical Assistant L. Folsom conducted a visual examination of Inmate TATUM. The completed CDC 7219, Medical Report on Inmate TATUM reflects no signs or symptoms of injury seen.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1          REVIEWED BY: C. E. Ducart, Central Services, Captain

| NAME OF REPORTING STAFF (PRINT/TYPE) C. A. Uptergrove | TITLE Lieutenant | ID # N/A | BADGE # 49107 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) X5555 | DATE March 07, 2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT HOREL | | TITLE Warden | DATE |

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION | |
|---|---|---|---|---|---|---|
| **CRIME / INCIDENT REPORT** | | **AMENDED ON 03-07-2007** | | | | |
| **PART A1 – SUPPLEMENT**<br>CDCR 837– A· (07/05) | | PAGE | 3  OF  6 | | INCIDENT LOG NUMBER<br>PBP-B07-07-03-0091 | |
| INSTITUTION<br>P.B.S.P. | FACILITY<br>Facility "B" | | INCIDENT DATE<br>March 01,2007 | | INCIDENT TIME<br>2205 Hours | |
| TYPE OF INFORMATION | | | | | | |
| ☒ SYNOPSIS/SUMMARY OF INCIDENT | ☐ SUPPLEMENTAL INFORATION | | ☐ AMENDED INFORMATION | | ☐ CLOSURE REPORT | |

**NARRATIVE:**

Medical Technical Assistant L. Folsom conducted a medical evaluation and completed a CDC 7219, Medical Report on Inmate JOHNSON, T-43903. The Medical Report reflects active bleeding to cuts and lacerations on both the left and right sides of the head, bruised and swollen areas to both the left and right sides of each eye, cuts and lacerations with swelling, bruising, discoloration and active bleeding to the left cheek.

The Medical Report also reflects cuts and lacerations, bruising, discoloration and swelling of the right lip area, bruised and discolored area of the right shoulder, abrasions and scratches to the left shoulder, abrasions and scratches to the right knee and complaint of pain in the right ankle, which was from a previous sports injury. Upon completion of the initial medical evaluation, JOHNSON was escorted to the Correctional Treatment Center and transported to Sutter Coast Hospital for further medical evaluation

**MEDICAL REPORTS/INJURIES TO STAFF:** There were no reported injuries to staff.

**USE OF FORCE (INCLUDES TYPE, AMOUNT, DECONTAMINATION, COOL DOWN PERIOD IF APPLICABLE):**
There was no Use of Force as a result of this incident.

**ESCORTS:** Correctional Officers D. Quam and K. Woodward escorted Inmate TATUM, 20208 to Facility B, Hobby Shop, and placed TATUM in Holding Cell #2. Correctional Officers J. Hoven and J. Quackenbush escorted Inmate JOHNSON, T-43903 to the Facility B Medical Clinic for evaluation, and to the Correctional Treatment Center for further medical evaluation.

**STATUS OF VIDEOTAPED INTERVIEW (REQUIRED FOR HEAD/SERIOUS INJURY OR ALLEGATION):**
There was no videotaped interview required; as it is apparent that all injuries sustained by JOHNSON during this incident were caused by the described ATTEMPTED MURDER. The CDC 7219 Medical Report notes that TATUM refused medical evaluation.

**NOTIFICATIONS:** The Administrative Officer of the Day, Investigative Services Captain, K. McGuyer and all appropriate Administrative Staff were apprised of this incident. You will be advised of any further developments in this matter, should they occur, via supplemental reports.

**CONCLUSION:** Inmate TATUM will be charged under the California Code of Regulations, (CCR), Title 15, Section 3005 (c), specifically, Attempted Murder. This case will be considered for referral to the Del Norte County District Attorneys Office for possible felony prosecution. Inmate TATUM is the suspect of this attempted murder and was rehoused and Confined to Quarters, in B8-232L, pending bed availability in Administrative Segregation. TATUM will remain in Administrative Segregation pending adjudication of the Rules Violation Report. Inmate JOHNSON returned from Sutter Coast Hospital, and after medical evaluation JOHNSON was cleared to be housed in his original assigned cell in B7-227L JOHNSON has been determined to be the victim of this attempted murder; a CDC 128-B Victim's Chrono, has been completed and forwarded to records for processing.

**OVERTIME:** There was 6.5 hours of overtime, (Third Watch Staff), incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | REVIEWED BY: C. E. Ducart, Central Services, Captain | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE)<br>C. A. Uptergrove | TITLE<br>Lieutenant | ID #<br>N/A | BADGE #<br>49107 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE)<br>X5555 | DATE<br>March 07, 2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN)<br>ROBERT HOREL | | TITLE<br>Warden | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B - 1 – INMATE

PAGE   3   OF   6

CDCR 837-B1 (07/05)

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Pelican Bay State Prison | B | PBP-B07-07-03-0091 |

INMATE (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | CDC # | | SEX | ETHNICITY | FBI # | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TATUM | | IRIN | | | E-20208 | | Male | Black | 231361HA0 | | A08499885 |

| CHECK ONE | CLASS | PV RTC | DATE | DATE REC'D | ANTICIPATED | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | SCORE | ☐ YES | BY CDC | BY INST | RELEASE DATE | ☐ YES | 05-01-1969 | B7-227U |
| ☒ SUSPECT | 321 | ☒ NO | 06-07-1989 | 08-09-2006 | MEPD 12-26-2016 | ☒ NO | | |

| | | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|---|---|
| ☐ WITNESS | ☐ CCCMS ☒ EOP | ☐ DPP | ☐ DMH | MURDER 1ST & ASSAULT WITH FIREARM (X6) | | | | MARIN COUNTY |
| | ☐ MHCB ☐ DDP | ☐ NA | | | | | | |

| DESCRIPTION OF INJURIES | PRISON GANG / DISRUPTIVE GROUP |
|---|---|
| UNKNOWN DUE TO INMATES REFUSAL TO COOPERATE | NONE NOTED |

☐ VALIDATED    ☐ ASSOCIATED    ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☒ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☐ N/A | 7219 COMPLETED IN HOBBY SHOP HOLDING CELL |

| NAME: LAST | | FIRST | | MI | CDC # | | SEX | ETHNICITY | FBI # | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JOHNSON | | EKZKIL | | | T-43903 | | Male | Black | 110011VA7 | | A10074078 |

| CHECK ONE | CLASS | PV RTC | DATE | DATE REC'D | ANTICIPATED | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☒ VICTIM | SCORE | ☒ YES | BY CDC | BY INST | RELEASE DATE | ☐ YES | 07-08-1976 | B7-227L |
| ☐ SUSPECT | 72 | ☐ NO | 02-11-2002 | 10-10-2006 | MEPD 02-25-2039 | ☒ NO | | |

| | | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|---|---|
| ☐ WITNESS | ☐ CCCMS ☒ EOP | ☐ DPP | ☐ DMH | MURDER 1ST | | | | CONTRA COSTA CO. |
| | ☐ MHCB ☐ DDP | ☐ NA | | | | | | |

| DESCRIPTION OF INJURIES | PRISON GANG / DISRUPTIVE GROUP |
|---|---|
| NUMEROUS CUTS/ LACERATIONS/ ACTIVE BLEEDING/ SWOLLEN AREA TO FACE, BRUISE/ DISCOLORED AREA TO RIGHT SHOULDER/ ABRASION/ SCRATCH LEFT SHOULDER & RIGHT KNEE | SON/ OF DEATH/ SOD ASIAN GANG |

☐ VALIDATED    ☐ ASSOCIATED    ☒ N/A

| ☒ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☐ N/A | 7219 COMPLETED IN B CLINIC/ SUTTER COAST HOSPITAL |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B - 2 – STAFF

PAGE 4 OF 6

CDCR 837-B2 (07/05)

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Pelican Bay State Prison | B | PBP-B07-07-03-0091 |

STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| UPTERGROVE | C. | | Correctional Lieutenant | Female | White | T/W |

CHECK ONE

| BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|
| 49107 | 120118 | Watch Lieutenant |

- [ ] PRIMARY   [ ] CAMERA
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM

DESCRIPTION OF INJURIES:

[X] N/A

- [ ] HOSPITALIZED
- [ ] REFUSED TREATMENT
- [ ] DECEASED DATE: _____  [X] N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

[X] N/A

USED FORCE [ ] YES [X] NO   TYPE: _____

PROCESSED EVIDENCE [ ] YES [X] NO

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| QUACKENBUSH | J. | | Correctional Officer | Male | White | M/T |

CHECK ONE

| BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|
| 67263 | 171592 | B 7-8 Rover |

- [X] PRIMARY   [ ] CAMERA
- [ ] RESPONDER
- [ ] WITNESS
- [ ] VICTIM

DESCRIPTION OF INJURIES:

[X] N/A

- [ ] HOSPITALIZED
- [ ] REFUSED TREATMENT
- [ ] DECEASED DATE: _____  [X] N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

[X] N/A

USED FORCE [ ] YES [X] NO   TYPE: _____

PROCESSED EVIDENCE [ ] YES [X] NO

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| COPE | N. | | Correctional Officer | Male | White | S/S |

CHECK ONE

| BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|
| 67251 | 171574 | B7 Control Booth Officer |

- [ ] PRIMARY   [ ] CAMERA
- [ ] RESPONDER
- [X] WITNESS
- [ ] VICTIM

DESCRIPTION OF INJURIES:

[X] N/A

- [ ] HOSPITALIZED
- [ ] REFUSED TREATMENT
- [ ] DECEASED DATE: _____  [X] N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

[X] N/A

USED FORCE [ ] YES [X] NO   TYPE: _____

PROCESSED EVIDENCE [ ] YES [X] NO

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| FRISK | J. | | Correctional Sergeant | Male | White | M/T |

CHECK ONE

| BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|
| 65216 | 170374 | B Facility Sergeant |

- [ ] PRIMARY   [ ] CAMERA
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM

DESCRIPTION OF INJURIES:

[X] N/A

- [ ] HOSPITALIZED
- [ ] REFUSED TREATMENT
- [ ] DECEASED DATE: _____  [X] N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

[X] N/A

USED FORCE [ ] YES [X] NO   TYPE: _____

PROCESSED EVIDENCE [ ] YES [X] NO

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HOVEN | J | | Correctional Officer | Male | White | M/T |

CHECK ONE

| BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|
| 69903 | 351654 | B3 Control Booth Officer |

- [ ] PRIMARY   [ ] CAMERA
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM

DESCRIPTION OF INJURIES:

[X] N/A

- [ ] HOSPITALIZED
- [ ] REFUSED TREATMENT
- [ ] DECEASED DATE: _____  [X] N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

[X] N/A

USED FORCE [ ] YES [X] NO   TYPE: _____

PROCESSED EVIDENCE [ ] YES [X] NO

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**

**PART B - 2 – STAFF**

PAGE 6 OF 6

CDCR 837-B2 (07/05)

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Pelican Bay State Prison | B | PBP-B07-07-03-0091 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| QUAM | D. | | Correctional Officer | Male | White | M/T |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 65747 | 151692 | B 3-4 Rover |

☒ RESPONDER
☐ WITNESS
☐ VICTIM    ☒ N/A

DESCRIPTION OF INJURIES:

☐ HOSPITALIZED
☐ REFUSED TREATMENT
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

USED FORCE  ☐ YES  ☒ NO  TYPE:: _____

PROCESSED EVIDENCE  ☐ YES  ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| WOODWARD | K. | | Correctional Officer | Male | White | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 43847 | 121107 | Watch Search & Escort Officer |

☒ RESPONDER
☐ WITNESS
☐ VICTIM    ☒ N/A

DESCRIPTION OF INJURIES:

☐ HOSPITALIZED
☐ REFUSED TREATMENT
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

USED FORCE  ☐ YES  ☒ NO  TYPE:: _____

PROCESSED EVIDENCE  ☐ YES  ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| BEARD | D. | | Correctional Officer | Male | White | S/S/H |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☒ CAMERA | 31532 | 221007 | Security Squad Officer |

☒ RESPONDER
☐ WITNESS
☐ VICTIM    ☒ N/A

DESCRIPTION OF INJURIES:

☐ HOSPITALIZED
☐ REFUSED TREATMENT
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

USED FORCE  ☐ YES  ☒ NO  TYPE:: _____

PROCESSED EVIDENCE  ☒ YES  ☐ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| FOLSOM | L. | | Medical Technical Assistant | Male | White | Vary |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 40906 | N/A | Medical Technical Assistant Rover |

☒ RESPONDER
☐ WITNESS
☐ VICTIM    ☒ N/A

DESCRIPTION OF INJURIES:

☐ HOSPITALIZED
☐ REFUSED TREATMENT
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

USED FORCE  ☐ YES  ☒ NO  TYPE:: _____

PROCESSED EVIDENCE  ☐ YES  ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HASSMAN | E. | | Registered Nurse | Female | White | F/S |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | N/A | N/A | Registered Nurse |

☒ RESPONDER
☐ WITNESS
☐ VICTIM    ☒ N/A

DESCRIPTION OF INJURIES:

☐ HOSPITALIZED
☐ REFUSED TREATMENT
☐ DECEASED DATE: _____    ☒ N/A    ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY

USED FORCE  ☐ YES  ☒ NO  TYPE:: _____

PROCESSED EVIDENCE  ☐ YES  ☒ NO

14

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT

PART B - 2 – STAFF

**AMENDED ON 03-07-2007**

PAGE   5   OF   7

CDCR 837-B2 (07/05)

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER | |
|---|---|---|---|---|
| Pelican Bay State Prison | B | | PBP-B07-07-03-0091 | |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| UPTERGROVE | C. | A. | Correctional Lieutenant | Female | White | T/W |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | 49107 | 120118 | Watch Lieutenant |

☒ RESPONDER
☐ WITNESS
☐ VICTIM          ☒ N/A

DESCRIPTION OF INJURIES:  None Reported.

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | EVIDENCE |
| ☐ DECEASED DATE: ____  ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| QUACKENBUSH | J. | J. | Correctional Officer | Male | White | M/T |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☒ PRIMARY   ☐ CAMERA | 67263 | 171592 | B 7-8 Rover |

☐ RESPONDER
☐ WITNESS
☐ VICTIM          ☒ N/A

DESCRIPTION OF INJURIES: NONE REPORTED.

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | EVIDENCE (CC) |
| ☐ DECEASED DATE: ____  ☒ N/A | ☒ N/A | TYPE:: _____ | ☒ YES  ☐ NO |

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| COPE | N. | G. | Correctional Officer | Male | White | S/S |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | 67251 | 171574 | B7 Control Booth Officer |

☐ RESPONDER
☒ WITNESS
☐ VICTIM          ☒ N/A

DESCRIPTION OF INJURIES: NONE REPORTED.

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | EVIDENCE |
| ☐ DECEASED DATE: ____  ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| FRISK | J. | D. | Correctional Sergeant | Male | White | M/T |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | 65216 | 170374 | B Facility Sergeant |

☒ RESPONDER
☐ WITNESS
☐ VICTIM          ☒ N/A

DESCRIPTION OF INJURIES: NONE REPORTED.

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | EVIDENCE |
| ☐ DECEASED DATE: ____  ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

---

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HOOD | R. | | Correctional Officer | Male | White | T/F |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY   ☐ CAMERA | 60195 | 331435 | ASU S&E #1 |

☒ RESPONDER
☐ WITNESS
☐ VICTIM          ☒ N/A

DESCRIPTION OF INJURIES: NONE REPORTED.

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | EVIDENCE |
| ☐ DECEASED DATE: ____  ☒ N/A | ☒ N/A | TYPE:: _____ | ☒ YES  ☐ NO |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C -- STAFF REPORT**
CDCR 837 - C (Rev. 07/05)

| | | | PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER PBP-B07-07-03-0091 |
|---|---|---|---|---|---|---|---|

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| HOOD | R | E | 03-01-07 | 2205 HOURS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 331435 | ASU S&E | 7 yrs 8mths | 03-08-07 | ASU Officers Station |

| RDO's | DUTY HOURS | DESCRIPTION OF INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| T/F | 1400-2200 | ATTEMPTED MURDER | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | R+LT. C. UPTERGROVE (S) | Tatum (E-20208) (s) |
| ☐ RESPONDER  3-8-07 | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | | NO: | TYPE: | | TYPE: |
| ☐ PHYSICAL | ☐ MINI 14 | | ☐ 37 MM | | | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | |
| ☒ NONE | ☐ 38 CAL. | | ☐ L8 | | | ☐ CS | |
| FORCE OBSERVED | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER | |
| BY YOU | | | ☐ HFWRS | | | | |
| ☐ WEAPON | | | ☐ BATON | | | | |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | ☒ N/A | | | | | ☒ N/A | |
| ☒ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| | 4 outgoing letters written by I/M Tatum (E-20208) Addressed to Tresie McNell, Angelique Evans, Shaun Terrell Tatum and S. James | Submitted to I/W Watch Commander, Lt. C. Uptergrove | | |
| ☒ YES | | | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☐ UNKNOWN | ☒ N/A | ☐ YES |
| ☒ NO   ☒ N/A | | ☒ N/A | ☐ OTHER _____ | | ☒ NO |

NARRATIVE:

On, Tuesday, March 06, 2007, and Wednesday, March 07, 2007 at approximately 2130 hours on both days, I was performing my duties as ASU S&E. While processing the outgoing mail on March 6th, I discovered 3 letters written by I/M Tatum (E-20208) ASU C7L. The letters were addressed to, Tresie Mc Nell, Angelique Evans, and Shaun Terrell Tatum. On March 7th, I discovered one letter written by Tatum and addressed to S. James. In these letters, Tatum describes his attack on I/M Johnson (T-43903) and states his thought of killing him.

In the letter addressed to Tresie McNell, page #2, Tatum states, "I calmly took my square ass glasses off and knock that niga "out cold". And when the niga was out, I went to work on his face with my hands and feet until his was hella bloody". Tatum also states on page #2, "When I was on that niga I started choking him becuz I thought about killin him. Thats how angry and "possessed" I felt."

In the letter addressed to Shaun Terell Tatum, page #1, Tatum states, "I know he was indirectly talking about me and he must have thought I wasn't pickin up on his indirect bullshit. So the next time he did it, I just snapped and started knocking that niga up-side his head until he was knocked out and then I started stomping his face and head into the floor until the police came."

In the letter addressed to Angelique Evans, page #2, Tatum also states, "I guess I surprised his dumb ass when I knocked his bitch-ass out and had him beggin for his life. When I started choking that niga, that niga started sayin, "Don't kill me cuz, don't kill me cuz!"

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| Hood | C/O | 60195 | 03-08-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| C.A. UPTERGROVE | 03-08-07 | ☒ YES ☐ NO | ☐ YES ☒ NO | 03-08-07 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDC 837 - C (Rev. 09/03)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER PBP-B07-07-03-0091 |

| NAME: QUACKENBUSH | FIRST J. | MI J. | DATE OF INCIDENT 3/1/07 | TIME OF INCIDENT 2205 hrs. |
|---|---|---|---|---|

| POST # 171592 | POSITION B 7-8 ROVER | YEARS OF SERVICE 4 | DATE OF REPORT 3/1/07 | LOCATION OF INCIDENT B7 C SECTION B8-227 |

| RDO's M/T | DUTY HOURS 2200-0600 | DESCRIPTION OF INCIDENT BATTERY ON INMATE W/SBI | CCR SECTION / RULE 3005c | ☐ N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (s) C/O N. Cope | (s) Tatum E-20208 |
| ☐ RESPONDER | (s) Sgt. J. Frisk | (v) Johnson T-43903 |
| ☐ WITNESS | (s) C/O J. Hoven | |
| ☐ VICTIM | (s) MTA L. Folsom | |
| ☐ CAMERA | (s) RN E. Hassman | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | |
|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | | 9 MM |
| ☒ NONE | ☐ 38 CAL | ☐ CN | | 38 CAL |
| FORCE OBSERVED | ☐ SHOTGUN | ☐ CS | 40 MM | MINI-14 |
| BY YOU | ☐ 37 MM  ☐ LB | ☐ OTHER | 40 MULTI | |
| ☐ WEAPON | ☐ 40 MM  ☐ 40 MULTI | ☒ N/A | SHOTGUN | ☒ N/A |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | Bloody T-Shirt | Evidence Locker #14 | ☒ YES | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO   ☒ N/A | | ☒ N/A | ☐ UNKNOWN ☐ OTHER | ☐ NO |

NARRATIVE:

On Thursday, March 1, 2007, at approx. 2205 hrs., while performing my duties as B Bldg. 7-8 Rover, I was in the officers station when I heard a banging noise coming from what sounded like C section. Control Booth Officer N. Cope advised me the noise was coming from C section. I went in to the C section rotunda and tried to determine where the noise had come from. I heard loud voices from B7-227 and saw the light on and one inmate standing at the door. I walked up to the door and saw inmate Tatum, E-20208, (later identified by his bed card) standing at the cell front, facing the toilet. I looked down by the toilet and saw inmate Johnson, T-43903, (later identified by his bed card) kneeling down on the ground facing the toilet. Johnson's white t-shirt had bloodstains on the left shoulder, and he appeared to have multiple injuries to the left side of his face. Tatum's right hand was on Johnson's right shoulder, and I ordered Tatum to stand at the back of the cell. Tatum complied with my order, and walked to the back of the cell. I then instructed Cope to press his alarm, which he did. I maintained visual contact on both inmates until Sgt. J. Frisk responded to the cell front. He ordered me to open the cuffport, and told Tatum to kneel down on the lower bunk. Tatum complied and Sgt. Frisk ordered Johnson to cuff up. Johnson turned his back towards the cell door, and I handcuffed Johnson. Cope opened the cell door. I grabbed Johnson's right bicep with my left hand and started escorting Johnson down the tier. Officer J. Hoven was walking on Johnson's left side and I was unable to see if Hoven had physical contact with Johnson due to my focus on Johnson and his injuries. Hoven and I escorted Johnson to B clinic, where MTA L. Folsom and RN E. Hassman evaluated his condition. MTA L. Folsom determined that we were to take Johnson to the infirmary. Hoven and I instructed Johnson to sit in a wheelchair and escorted him to the

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 67263 | ID # | DATE 3/1/07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) FRISK | DATE RECEIVED 3/1/07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## CRIME / INCIDENT REPORT
### PART C1 – SUPPLEMENT
CDC 837 - C  (Rev. 09/03)

| PAGE | 2 | OF | 2 |

INCIDENT LOG NUMBER

PBP-BOT-07-03-0091

| NAME: LAST | FIRST | | MI |
|---|---|---|---|
| QUACKENBUSH | J. | | J. |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT   ☐ ADDITIONAL INFORMATION   ☐ CLARIFICATION REQUEST

NARRATIVE

infirmary via the infirmary rover van. Johnson was taken to the ER and was further evaluated by RN E. Hassman and MTA L. Folsom. I removed Johnson's bloody t-shirt and placed a new one on him per medical staff. I then placed Johnson's t-shirt in an evidence bag. RN E. Hassman concluded that Johnson needed to be taken to Sutter Coast Hospital. The ambulance arrived (code 2), and transport staff then escorted Johnson to the ambulance. At approx. 0120 hrs., I placed the evidence bag containing Johnson's bloody shirt in locker #14 in the watch office. This concludes my involvement in this incident.

PELICAN BAY A.S.U.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | 67263 | | 3/1/07 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| J. RISK | 3/1/07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837 - C (Rev. 07/05)

| | | | | | |
|---|---|---|---|---|---|
| PAGE __1__ OF __2__ | | | | INCIDENT LOG NUMBER PBP-B07-03-0091 3/1/07 | |

| NAME: LAST | FIRST | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|
| FRISK | J | | D | 03/01/07 | 2205 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 170374 | B Facility Sergeant | 4 | 03/01/07 | B7-227 |

| RDO's | DUTY HOURS | DESCRIPTION OF INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| M/T | 2200/0600 | Battery On Inmate With Serious Bodily Injury | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | C/O D. Quam-S | C/O D. Beard-S | TATUM E-20208, B7-227 | U: SUSPECT |
| ☒ RESPONDER | C/O K Woodward-S | | JOHNSON T-43903, B7-227 | L- VICTIM |
| ☐ WITNESS | C/O J Quackenbush | | | |
| ☐ VICTIM | C/O J Hoven-S | | | |
| ☐ CAMERA | MTA L. Folsom-S | | | |
| | RN E. Hassman-S | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | | NO: | TYPE: | | TYPE: |
| ☐ PHYSICAL | ☐ MINI 14 | | ☐ 37 MM | | | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | |
| ☒ NONE | ☐ 38 CAL. | | ☐ L8 | | | ☐ CS | |
| FORCE OBSERVED | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER | |
| BY YOU | | | ☐ HFWRS | | | | |
| ☐ WEAPON | | | ☐ BATON | | | | |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | ☒ N/A | | | | | ☒ N/A | |
| ☒ NONE | | | | | | | |

*(watermark: PELICAN BAY A.S.U.)*

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☐ UNKNOWN | ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ OTHER | | ☒ NO |

NARRATIVE:

On Thursday March 1, 2007, I responded to a personal alarm in B7. I entered C section and responded to the upper tier. Correctional Officer (C/O) J. Quackenbush was standing in front of cell 227. Quackenbush informed me that there had been a cell fight. Inmate JOHNSON, T-43903, B7-227L, was standing at the front of the cell. Inmate TATUM, E-20208, B7-227U, was standing at the back of the cell. JOHNSON had large amounts of swelling and blood on his head and face area. I ordered TATUM to face the back wall of the cell. TATUM complied. I ordered Quackenbush to open the cuff port so JOHNSON could be placed in restraints. Quackenbush placed handcuffs on JOHNSON. I ordered TATUM to kneel on the lower bunk and not to move. TATUM complied. I ordered the cell door opened. JOHNSON exited the cell. JOHNSON was escorted out of the unit and to the B Facility Clinic by C/O's Quackenbush and J. Hoven. I ordered the door closed. I ordered TATUM to the front cell. TATUM began to place items in the cell into a laundry bag. I again ordered TATUM to the front of the cell. TATUM put on a blue CDC jacket and came to the front of the cell. I ordered TATUM to turn around and cuff-up. TATUM complied. I opened the cuff port and placed handcuffs on TATUM. I ordered the cell door opened. TATUM exited the cell and was escorted out of the unit, to the B Facility Hobby Shop and placed into cell #2 by C/O's D. Quam and K. Woodward. I opened the cuff port to remove the handcuffs from TATUM where I discovered blood on TATUM'S hands. At that

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. FRISK | SERGEANT | 65216 | 3/1/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 03-01-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

'STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
### PART C – STAFF REPORT
CDCR 837 – C1  (Rev. 07/05)

| | PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|---|
| | | | | | PBP-B07-03-0091 |

| NAME: LAST | FIRST | | MI |
|---|---|---|---|
| FRISK | J | | D |

TYPE OF INFORMATION

[X]  CONTINUATION OF REPORT        [ ] ADDITIONAL INFORMATION        [ ] CLARIFICATION REQUEST

NARRATIVE

time I did not remove the handcuffs pending photographs being taken by the security squad. I reported to the B Facility Clinic where JOHNSON was being treated by MTA L. Folsom and RN E. Hassman for injuries to his facial area. A CDC 7219 medical evaluation was completed by MTA Folsom which noted numerous injuries to JOHNSON'S face, neck, and shoulder area. JOHNSON was then taken to the Correctional Treatment Center for further medical attention, and later sent to Sutter Coast Hospital for treatment. At approximately 2330 hours Security Squad Officer D. Beard attempted to take photographs and DNA swabs of TATUM'S hands for evidence. TATUM refused to cooperate with Officer Beard. It was determined that photos and DNA were not essential to the incident package, therefore no evidence was collected on TATUM. MTA Folsom attempted to conduct a 7219 on TATUM. TATUM was uncooperative and refused medical evaluation. At approximately 0215 hours TATUM was rehoused in B8-232L without further incident. TATUM will be on CTQ status pending bed availability in Administrative Segregation.

PELICAN BAY
A.S.U.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | | TITLE | BADGE # | | DATE |
|---|---|---|---|---|---|
| J. FRISK | | Sergeant | 65216 | | 3/1/07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | | DATE RECEIVED  03-01-07 | APPROVED  [X] YES [ ] NO | CLARIFICATION NEEDED  [ ] YES [ ] NO | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
### PART C – STAFF REPORT
CDCR 837 – C1  (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B07-07-03-0091 |

| NAME: LAST | FIRST | | | | MI |
|---|---|---|---|---|---|
| HOOD | R | | | | E |

TYPE OF INFORMATION

| ☒ CONTINUATION OF REPORT | ☐ ADDITIONAL INFORMATION | ☐ CLARIFICATION REQUEST |

NARRATIVE

In the letter addressed to S. James, page # 1, Tatum states, "now when I come up for this hearin in 2008 it ain't goin look good for me becuz I beat the shit out of my cellie."

I submitted all four letters with copies to the 1/W Watch Commander Office via the Watch Commander's Files.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 60195 | | DATE 03-08-07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 03-08-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 03-08-07 |

Distribution:     Original: Incident Package    Copy: Reporting Employee          Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## CRIME / INCIDENT REPORT
## PART C – STAFF REPORT

CDC 837 - C (Rev. 09/03)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|------|---|----|----|---------------------|
|      |   |    |    | PBP-B07-07-03-0091  |

| NAME: HOVEN | FIRST J. | | MI | DATE OF INCIDENT 03-01-07 | TIME OF INCIDENT 2205 |
|---|---|---|---|---|---|

| POST # 351654 | POSITION B3 Control Booth Officer | YEARS OF SERVICE 1YR. | DATE OF REPORT 03-01-07 | LOCATION OF INCIDENT B7 SECTION C/ CELL 227 |
|---|---|---|---|---|

| RDO's M/T | DUTY HOURS 1400-2200 | DESCRIPTION OF INCIDENT Battery on inmate with serious bodily injury | | CCR SECTION / RULE 3005 (C) | ☐ N/A |
|---|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | | |
|---|---|---|---|---|---|
| ☐ PRIMARY | (S) J. Quackenbush | | (S) Tatum (E-20208) | | |
| ☒ RESPONDER | (S) SGT. J. Frisk | | (V) Johnson (T-43903) | | |
| ☐ WITNESS | (S) MTA. L. Folsom | | | | |
| ☐ VICTIM | (S) RN, E. Hassman | | | | |
| ☐ CAMERA | | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | TYPE: | NO: | | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | | 9 MM | |
| ☒ NONE | ☐ 38 CAL | ☐ CN | L8 | | | 38 CAL | |
| FORCE OBSERVED | ☐ SHOTGUN | ☐ CS | 40 MM | | | MINI-14 | |
| BY YOU | ☐ 37 MM ☐ L8 | ☐ OTHER | 40 MULTI | | | | |
| ☐ WEAPON | ☐ 40 MM ☐ 40 MULTI | ☒ N/A | SHOTGUN | | | ☒ N/A | |
| ☐ PHYSICAL | ☐ HFWRS ☐ BATON | | | | | | |
| ☒ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☒ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY | ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | | ☒ NO |
| | | | ☐ OTHER | | |

NARRATIVE

On Thursday, March 1st, 2007 at approximately 2205, I Officer J. Hoven responded to an audible alarm in B7 section C. When I arrived Sergeant J. Frisk asked me to help Officer J. Quackenbush escort Inmate Johnson, T-43903 (B7-227L) to B Clinic for medical evaluation. Johnson appeared to have multiple injuries and blood on his face. At this time Medical Technical Assistant L. Folsom and Registered Nurse E. Hassman evaluated Johnson. MTA Folsom then requested that Johnson be escorted by wheel chair to the infirmary, Johnson was evaluated by RN Hassman in the Emergency Room and concluded that Johnson would need additional treatment at Sutter Coast Hospital. Johnson was transported by ambulance (code 2) off of institution grounds.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF J. Hoven | TITLE C/O | BADGE # 69903 | ID # | DATE 03-01-07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED 3/1/07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
### PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B07-03-0091 |
|------|---|----|---|----|

| NAME: LAST | | FIRST | | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|---|---|
| Quam | | D. | | | J. | 03/01/07 | 2205 |

| POST # | POSITION | YEARS OF SERVICE | | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|---|
| 151692 | B 3-4 Rover | 4 Years | 4 Months | | 03/01/07 | B-7 227 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| M/T | 2200-0600 | Battery On Inmate With Serious Bodily Injury | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | J. Frisk SGT. (s) | | TATUM E-20208 (S) |
| ☒ RESPONDER | K. Woodward (s) | | JOHNSON T-43903 (V) |
| ☐ WITNESS | J. Hoven (s) | | |
| ☐ VICTIM | J. Quackenbush (s) | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | | | | |
| ☐ PHYSICAL | NO: | NO: | TYPE: | | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| **FORCE OBSERVED** | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| **BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

(watermark: PELICAN BAY S.S.U.)

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER ____ ☒ N/A | ☐ YES ☒ NO |

NARRATIVE:

On 3-01-07 at approximately 2205 hours, while conducting my duties as the B 3-4 Rover, I responded to a personal alarm on Bravo Facility, Seven Block, C-Section. I responded to cell 227, where I observed inmate JOHNSON, T-43903, B-7 227L, standing at the front of the cell. Correctional Officer (C/O) J. Quackenbush applied handcuffs to Inmate JOHNSON. Inmate Johnson appeared to have blood on his face. Inmate JOHNSON exited the cell, the cell door was then closed. Inmate JOHNSON was escorted out of the section, by (C/O) J. Quackenbush and (C/O) J. Hoven. I observed Correctional Sergeant J. Frisk apply handcuffs to Inmate TATUM E-20208, B-7 227U. Inmate JOHNSON exited the cell. (C/O) K. Woodward and I escorted TATUM out of the housing unit to the B Facility hobby shop, where we placed him in holding cell #2. Sergeant Frisk opened the cuff port to remove the handcuffs from TATUM. I observed blood on inmate TATUM's hands. At that time the handcuffs were not removed pending pictures being taken the security squad.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| D. Quam | C/O | 65747 | 03/01/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|
| J Frisk S67 | 3/1/07 | | | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C – STAFF REPORT**
CDCR 837 - C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 1 OF 1 | INCIDENT LOG NUMBER PBP-B07-07-03-0091 |
|---|---|

| NAME: LAST WOODWARD | FIRST K. | MI H. | INCIDENT DATE 03/01/2007 | INCIDENT TIME 2205 |
|---|---|---|---|---|

| POST # 121107 | POSITION WATCH S/E | YEARS OF SERVICE 16 | DATE OF REPORT 03/02/2007 | LOCATION OF INCIDENT B 7 C SECTION |
|---|---|---|---|---|

| RDO's S/S | DUTY HOURS 2200/0600 | DESCRIPTION OF INCIDENT BATTERY ON INMATE W/SBI | CCR SECTION / RULE 3005 ( C ) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY ☒ RESPONDER ☐ WITNESS ☐ VICTIM ☐ CAMERA | D. QUAM (S) SERGEANT J. FRISK (S) J. QUACKENBUSH (S) J. HOVEN ( S ) | TATUM E20208 (S) JOHNSON T43903 (V) |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|---|---|
| | | NO: | | TYPE: | TYPE: |
| ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE | ☐ MINI 14 ☐ 9 MM ☐ 38 CAL. ☐ SHOTGUN | ☐ 37 MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON | | | ☐ OC ☐ CN ☐ CS ☐ OTHER |
| FORCE OBSERVED BY YOU | | | | | |
| ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE | ☒ N/A | | | | ☒ N/A |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:

On 03/01/2007 at approximately 2205 hours while performing my duties as the Watch S/E. I responded to a personal alarm in B7 C section cell 227 occupied by INMATES JOHNSON T- 43903 B7 227L and TATUM E- 20208 B7 227 U. As I came upon the cell I observed INMATE JOHNSON exit cell 227, I did not observe who applied mechanical restraints to JOHNSON. Officers J. QUACKENBUSH and OFFICER J. HOVEN escorted INMATE JOHNSON to the B yard medical clinic for evaluation by M.T.A. L. FOLSOM... I observed SERGEANT J. FRISK apply mechanical restraints to INMATE TATUM he exited cell 227, OFFICER D. QUAM and I escorted TATUM to the B yard hobby shop and housed him in holding cell # 2. I observed no force. This ends my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF K. WOODWARD | TITLE CO | BADGE # 43847 | DATE 03/01/2007 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) J. Frisk Sgt | DATE RECEIVED 3/1/07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

PELICAN BAY A.S.U.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|----|
| | | | | PBP-B07-07-03-0091 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|----|----|----|
| BEARD | DONALD | R | 3-1-07 | 2205 hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|---------------------|
| 221007 | SECURITY SQUAD | 20 Years 10 Months | 3-1-07 | FACILITY B, UNIT 7, CELL 227 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|-------|-----------|--------------------------------|--------------------|----|
| S/S/H | Vary | BATTERY ON INMATE WITH SBI | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|------------------------------------------------|----------------------------------------------------------|--|
| ☐ PRIMARY | (S) Lt. C. Uptergrove | (V) JOHNSON T-43903 | B7-227L |
| ☒ RESPONDER | | (S) TATUM T-43903 | B7-227U |
| ☐ WITNESS | | | |
| ☐ VICTIM | | | |
| ☒ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|--------------------------------|--|--|--|------------------------------|--|
| ☐ WEAPON | | NO: | | NO: | TYPE: | | TYPE: |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ 40 ... | | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULT | | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | | |
| ☒ NONE | | | | | | | |

(Watermark: PELICAN BAY S.S.U.)

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---------------------------|---------------------|---------------------|------------|-----|
| | PHOTOGRAPHS | SECURITY SQUAD CASE FILE ROOM | | |
| ☒ YES | | | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|-------------------------|----------------------|--------------------------------------|----------------|--|---------------------------|
| ☐ YES | | | ☐ BODILY    ☒ N/A | | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN / ☐ OTHER | | ☒ NO |

NARRATIVE:

On Thursday, March 01, 2007 at approximately 2230 hours, I was contacted at my residence and informed an incident had occurred and to report to the institution.

Upon arriving at the Institution I proceeded to Facility B, Unit 7, and at approximately 2250 hours, secured cell 227 with a Security Squad Crime Scene Lock. I conducted a visual survey of the cell, noting blood on the floor adjacent to the lower bunk. At approximately 2300 hours I proceeded to the Correctional Treatment Center and photographed inmate JOHNSON T-43903 for identification and evidentiary purposes. I photographed JOHNSON's face and head noting a large amount of swelling around his eyes, lips and nose. I proceeded to Facility B, Hobby Shop area where inmate TATUM E-20208 was secured in a holding cell. TATUM was uncooperative and refused to exit the holding cell for identification and evidentiary photographs. Due to TATUM'S potentially assaultive behavior no photographs were taken. At approximately 2330 hrs I returned to the Security Squad Complex.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| | C/O | 31532 | 3-1-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|------------------------------------------------|---------------|----------|----------------------|------|
| Sgt J Frisk | 3/1/07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
### PART C1 – SUPPLEMENT
CDCR 837-C1  (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|---------------------|
|      |   |    |   | PBP-B07-07-03-0091  |

| NAME: LAST | FIRST | | MI |
|------------|-------|-|----|
| BEARD | DONALD | | R |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE

The photographs, once printed will be retained in the Security Squad case file room.

Lieutenant C. Uptergrove was on duty and informed of my involvement in this incident.

PELICAN BAY
A.S.U.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|------------------------------|-------|---------|-|------|
|  | C/O | 31532 | | 3-1-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|-----------------------------------------------|---------------|----------|---------------------|------|
|  | 3/1/07 | [X] YES [ ] NO | [ ] YES [ ] NO | |

# EXHIBIT  E

56

FILED

MAR 2 7 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1
2
3
4
5
6
7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF DEL NORTE

8
9
10
11 IN RE:                                    ) CASE NO.: HCPB08-5043
                                            )
12                                          )
   *IRVIN TATUM,*                           )
13 *E-20208,*                               ) ORDER DENYING PETITION FOR WRIT
                                            ) OF HABEAS CORPUS
14                    Petitioner,           )
                                            )
15 On Habeas Corpus.                        )
16 _____ )
17

Petitioner is an inmate at Pelican Bay State Prison serving a life term for

first-degree murder among other offenses. His petition challenges a finding of guilty

in a disciplinary proceeding for attempted murder of his cellmate on March 1, 2007.

Petitioner claims there was no evidence of intent to kill and that he was deprived of

due process because he alleges he was not provided copies of letters with

incriminating statements that he wrote shortly after the incident. There is disputed

evidence as to whether he was provided the letters before the hearing. However, it

is undisputed that he received prior to the hearing the CDCR 837crime/incident

report authored by Lt. Uptergrove that quoted at length from the two letters in

issue. See Pet. Para. 6 and Ex. E. Every statement in those letters quoted by the

Senior Hearing Officer in his decision was set forth in the Uptergrove report

supplied to Petitioner well before the hearing. See SHO decision, Ex. F to petition.

HB-SEV

Even if Petitioner was not given copies of the letters, which is disputed by Sgt. Stewart, Petitioner was provided the relevant quotes and he has not shown any actual prejudice was suffered.

The Court notes Petitioner claimed he was unable to provide copies of the letters in question with his administrative appeal (dated September 11, 2007) preceding this petition, because he had not been given them (See Exhibit I to petition). But he did file copies of the letters with the Court four days earlier on September 7, 2007, with another writ petition challenging a conviction for threats to correctional officers alleged to have been made in those same letters. See Ex B to petition in Del Norte Superior Court Case No. HCPB07-5157. Petitioner repeatedly admitted writing the letters in that petition.

With regard to the hearing officer's decision the Court applies the "some evidence" standard to review. See *In re Powell*, (1988) 45 Cal.3d 894, 904; *In re Ramirez*, (2001) 94 Cal.App.4th 549, 563. Under the "some evidence" standard, the hearing officer's decision will be upheld as long as there is "some basis" in fact for the decision. *Powell*, supra, at 904; *Ramirez*, supra, at 563. The record shows that Petitioner's cellmate was badly beaten and Petitioner made admissions that he knocked his the victim out, then choked him and stomped his head into the floor while entertaining thoughts of killing him. The hearing officer's finding that Petitioner was guilty of attempted murder is supported by some evidence in the record. Accordingly, the Petition for writ of habeas corpus is denied.

DATED: ~~MAR 2 7 2006~~                     COPY

_____
WILLIAM H. FOLLETT
Judge of the Superior Court

HB-SEV



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re IRVIN TATUM,

      on Habeas Corpus.

A121232

(Del Norte County
Super. Ct. No. HCPB08-5043)

BY THE COURT:

The petition for writ of habeas corpus is denied.

> Court of Appeal, First Apellate District
> FILED
> APR 2 4 2008
> Diana Herben, Clerk
> by _____ Deputy Clerk

(Reardon, Acting P.J., Sepulveda, J., and Rivera, J., joined in the decision.)

Date: ____APR 2 4 2008_____    REARDON, ACTING P.J._____P.J.

S163584

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re IRVIN T. TATUM on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

# EXHIBIT  F

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| P B S P | B-7 | USE OF FORCE | (INJURY) UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 3/1/07 |

| THIS SECTION FOR INMATE ONLY | NAME LAST *Johnson* | FIRST *E.* | CDC NUMBER *T-43903* | HOUSING LOC. *B7-227* | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST MIDDLE | DOB | OCCUPATION | |
| B-7 227 ↓ | HOME ADDRESS | CITY STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE *APPROX 22⁰⁰* | DATE/TIME OF OCCURRENCE → 3/1/07 | NAME OF WITNESS(ES) | | |
|---|---|---|---|---|
| TIME NOTIFIED *2200* ALARM - RADIO CALL | TIME SEEN *22:05* | ESCORTED BY *Custody* | MODE OF ARRIVAL *(circle)* LITTER WHEELCHAIR (AMBULATORY) ON SITE | AGE *29* | RACE | SEX *M* |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE " *NOTHING HAPPENED —
I FELL ON THE SINK — I HURT MY EYE* " *STATES WAS STANDING ON THE
FLOOR WHEN HE FELL. STATES HAS SEIZURE HISTORY — BUT NOT ON ANY
SEIZURE MEDS — LAST SEIZURE " 2 WKS AGO" — NO SEIZURE TONIGHT.
DENIES ALTERCATION WITH CELLIE, STATES ® ANKLE PREVIOUSLY
INJURED - SPORTS.*

| INJURIES FOUND? (YES) NO | |
|---|---|
| Abrasion/Scratch | (1) |
| Active Bleeding | (2) |
| Broken Bone | 3 |
| Bruise/Discolored Area | (4) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| (Cut/Laceration/Slash) | (9) |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | (16) |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES /(NO) |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |



RN NOTIFIED/TIME 22⁰⁵  PHYSICIAN NOTIFIED/TIME
ON SCENE
E. HASSMAN, RN
TIME/DISPOSITION
TO B-CLINIC INITIAL EVAL BY RN
→ WHEEL CHAIR TO VAN TO
CTC ER FOR FURTHER EVAL + Tx.
2230

REPORT COMPLETED BY/TITLE  *(PRINT AND SIGN)*
L. FOLSOM, MTA
*L. Folsom, MTA*

| BADGE # *40906* | RDOs |
|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 08/04)    DISTRIBUTION:  ORIGINAL

# EXHIBIT  G

State of California

# **M e m o r a n d u m**

Date : September 6, 2007

# **AMENDED DA ACCEPTED**

To : M. D. Yax
Associate Warden
Central Services

From : **Department of Corrections and Rehabilitation**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000**

Subject : **PBSP INCIDENT #PBP-B07-07-03-0091**

On March 7, 2007, inmate **TATUM, E-20208,** committed the following violation of the
California Penal Code Section:

### **664/187     Attempted Murder**

On April 3, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On September 6, 2007, the Del Norte County District Attorney's Office notified Pelican Bay
State Prison that their office issued a complaint charging the above named inmate with the
following violation of the Penal Code Section:

### **COUNT I    243(d)    Battery With Serious Bodily Injury**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

PELICAN BAY
A.S.U.

# Memorandum

Date    : March 3, 2008

**DA DISMISS**

(AND DETAINER REMOVAL)

To      : M. D. Yax
          Associate Warden
          Central Services

From    : **Department of Corrections and Rehabilitation**
          **Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000**

Subject : **PBSP INCIDENT #PBP-B07-07-03-0091, CRPB97-5152**

On March 7, 2007, inmate **TATUM, E-20208**, committed the following violation of the California Penal Code Section:

**664/187    Attempted Murder**

On April 3, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On September 6, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I    243(d) Battery With Serious Bodily Injury**

On February 29, 2008, the District Attorney's Office notified Pelican Bay State Prison that on February 28, 2008, the case was **dismissed by the court with prejudice**, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Security Squad
       Inmate
       OTC Desk
       CLO File

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5, 20 U.S.C section 1746)

I, ___IRVIN TATUM___, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the __29__ day of __July__, in the year of 20_08_, I served the following documents: (set forth the exact title of documents served)

___Petition For Writ of Habeas Corpus___

_____

_____

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

U.S. District Court          _____

Northern Dist. of Calif.     _____

450 Golden Gate Ave          _____

San Francisco, CA            _____

94107                        _____

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __29__ day of __July__, 20_08_.

Signed _____

(Declarant Signature)

Rev. 03/10/00



UNITED STATES POSTAGE
$ 06.75°
02 1M
0004217666    JUL 30 2008
MAILED FROM ZIP CODE 95531

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

U.S. District Court
Northern District of California
Office of the Clerk
450 Golden Gate Ave
San Francisco, CA

From: Antonio E-30008
SHU#C8-118U
P.O. Box 7500
Crescent City, CA 95531

Confidential Legal Mail